**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| CARRINGTON ALAN KEYS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Misc. Action No. 09-660 (RBW) |
| BARACK HUSSEIN OBAMA, PRESIDENT OF THE UNITED STATES, <u>et al.</u> | ) ) ) | |
| Defendants. | ) ) ) | |

**<u>ORDER</u>**

This matter is before the Court on the "Application for Order of Release" of the <u>pro se</u> plaintiff, an inmate in the custody of the State of Pennsylvania, who seeks habeas corpus relief from his conviction and sentence, as well as release into the federal custody of the United States Marshal Service. <u>See</u> Application for Order of Release [of] Administrative Judgement, [sic] By Certificate of Non Response [sic] ("Application") ¶¶ 1, 4(A). The defendants have not yet been served or responded to the plaintiff's request for relief, but neither is there need to await their response, as the relief the plaintiff seeks cannot be awarded.

The plaintiff is not entitled to relief pursuant to 28 U.S.C. § 2254 (2006), as the Court cannot determine whether the plaintiff "exhausted the remedies available in the courts of the State; or . . . [if] there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant," <u>id.</u> at § 2254(b). While the plaintiff represents that he is currently in the custody of the Pennsylvania Department of Corrections in the State Correction Institution

in Dallas, Pennsylvania, he has provided no further information regarding his custody or the underlying criminal action which led to his incarceration.  See generally Application.  Nor does the Court have the authority pursuant to 28 U.S.C. § 2241 (2006) to grant the relief that the plaintiff seeks, as his collateral challenge to any judgment or sentence issued by the Pennsylvania state courts must be brought in those courts because it the warden of that state facility who is the proper defendant, not the President of the United States.  Stokes v. United States Parole Comm'n, 374 F.3d 1235, 1238 (D.C. Cir. 2004); see, e.g., Bailey v. Quick, 191 F. Supp. 2d 7, 10 (D.D.C. 2001) ("The fact that the petitioner is serving a sentence imposed by the Superior Court [of the District of Columbia], arising under violations of the D.C. Code and not federal law, leads this court to conclude that the petitioner must first file his petition for a writ of habeas corpus with Superior Court before seeking relief from this court.").  Because the plaintiff does not state an actionable claim that this Court can entertain, the Court must sua sponte dismiss this case without prejudice.

Accordingly, it is hereby

**ORDERED** that the plaintiff case is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 10th day of December, 2009.

_____/s/_____
REGGIE B. WALTON
United States District Judge